## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD TRUJILLO,<br>  Plaintiff,<br><br>    v.<br><br>THE CHEFS' WAREHOUSE WEST COAST, LLC, et al.,<br>  Defendants. | CV 19-8370 DSF (MAAx)<br><br>Order DENYING Motion for Review of Magistrate Judge's Order (Dkt. No. 52) |

  Defendant Chefs' Warehouse West Coast, LLC has moved for review of the Magistrate Judge's order compelling pre-certification class discovery in this case. The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15.

  A district court's reconsideration of the decision of a magistrate judge is governed by 28 U.S.C. § 636(b)(1), which provides:

> Notwithstanding any provision of law to the contrary – (A) a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court . . . . A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

  "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Boyd

v. Bert Bell/Pete Rozelle NFL Players Retirement Plan, 410 F.3d 1173, 1178 (9th Cir. 2005).

There is no indication that the Magistrate Judge made any errors of law in compelling discovery.  A trial court is granted substantial discretion in directing discovery, including in the context of pre-certification class discovery.  See Doninger v. Pac. Nw. Bell, Inc., 564 F.2d 1304, 1312-13 (9th Cir. 1977).  The Magistrate Judge's thorough order shows that she examined and understood the relevant guidance for the exercise of that discretion.

While Defendant's position on class discovery is defensible and might have carried the day before a different judge, the Court is left far from having a "definite and firm conviction that a mistake has been committed."  Defendant's primary arguments are that class discovery should have been limited to the location and shift where and when the named plaintiff worked.  The Magistrate Judge examined the allegations, evidence, and arguments and reasonably concluded that there was good reason to believe that discovery involving other shifts and Defendant's other California location was likely to lead to evidence supporting Plaintiff's class claims.  Nor was the Magistrate Judge unreasonable in determining that Plaintiff was entitled to discovery regarding potential class members who, according to Defendant, signed settlement agreements or arbitration agreements.  Defendant argues that the Magistrate Judge "failed to consider the burden on Defendant of producing information responsive to Plaintiff's requests," but the specific burden arguments made by Defendant in this motion do not appear to have been raised in Defendant's filings before the Magistrate Judge.

In short, while the Magistrate Judge could have imposed the discovery restrictions requested by Defendant, she did not clearly err or

act contrary to law in not doing so.  The motion for review of the Magistrate Judge's order is DENIED.

   IT IS SO ORDERED.

Date: November 24, 2020

                                                     Dale S. Fischer
                                                     United States District Judge