1  MICHELE J. BEILKE (SBN 194098)
2  mbeilke@huntonAK.com
   JULIA Y. TRANKIEM (SBN 228666)
3  jtrankiem@huntonAK.com
4  **HUNTON ANDREWS KURTH LLP**
   550 South Hope Street, Suite 2000
5  Los Angeles, California 90071-2627
6  Telephone: 213 • 532 • 2000
   Facsimile: 213 • 532 • 2020
7
   KATHERINE P. SANDBERG (SBN 301117)
8  Email: ksandberg@huntonAK.com
9  **HUNTON ANDREWS KURTH LLP**
   50 California Street, Suite 1700
10 San Francisco, California 94111
11 Telephone: (415) 975-3700
   Facsimile: (415) 975-3701
12
   Attorneys for Defendants
13 THE CHEFS' WAREHOUSE WEST
   COAST, LLC, THE CHEFS'
14 WAREHOUSE, INC., DEL MONTE
   CAPITOL MEAT COMPANY, LLC,
15 QZINA SPECIALITY FOODS, INC., and
   QZINA SPECIALTY FOODS
16 (AMBASSADOR), INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| RICHARD TRUJILLO, individually, and on behalf of other members of the general public similarly situated, and as an aggrieved employee pursuant to the Private Attorneys General Act (PAGA),<br><br>          Plaintiff,<br>     vs.<br>THE CHEFS' WAREHOUSE WEST COAST, LLC, a Delaware limited liability company; THE CHEFS' WAREHOUSE, INC., a Delaware corporation DEL MONTE CAPITOL MEAT COMPANY, LLC, a Delaware limited liability company; QZINA SPECIALTY FOODS, | Case No. 2:19-cv-08370 DSF (MAAx)<br><br>**DEFENDANT THE CHEFS' WAREHOUSE WEST COAST, LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**<br><br>Complaint Filed: July 22, 2019<br>Removed Date:   September 27, 2019<br>Trial Date:     None Set |

| | |
|---|---|
| 1<br>2<br>3<br>4<br>5 | INC., a Washington corporation; and/or QZINA SPECIALTY FOODS (AMBASSADOR), INC., a California corporation; and DOES 1 through 10, inclusive,<br><br>        Defendants. |

DEFENDANT THE CHEFS' WAREHOUSE WEST COAST, LLC'S OPPOSITION TO
PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

*Hunton Andrews Kurth LLP*
*550 South Hope Street, Suite 2000*
*Los Angeles, California 90071-2627*

## I. INTRODUCTION

CWWC's objections to Plaintiff's requested class-wide discovery were substantially justified. On this issue, the District Court, in its Order on Defendant's Motion for Review, agrees, stating: "**Defendant's position on class discovery is defensible and might have carried the day before a different judge**" and "the Magistrate Judge **could have** imposed the discovery restrictions requested by Defendant." ECF. No. 59.

Notwithstanding, Plaintiff requests a mind-boggling $36,059 in attorneys' fees for drafting Plaintiff's portion of a joint stipulation regarding the parties' discovery dispute and filing a basic opposition to CWWC's Motion for Review. Plaintiff is **not** entitled to recover attorneys' fees because, as confirmed by the District Court, CWWC's position was substantially justified. CWWC cited extensive case law denying discovery in similar circumstances. Likewise, CWWC's Motion for Review was supported by the Federal Rules of Civil Procedure, which prohibits declarations of undisclosed witnesses from being considered.

Even if Plaintiff is entitled to fees, the requested amount is unreasonable and excessive on its face. A review of the time entries that Plaintiff submitted in support of his request reveals numerous, block-billed entries for tasks that had nothing to do with drafting Plaintiff's portion of the joint statement or for opposing the Motion for Review. Additionally, the time entries show duplicative billing and impermissibly vague descriptions for the work performed. Lastly, the primary biller is listed at a rate that is not consistent with the market rate for attorneys of similar skill in the Los Angeles, California area as is evidenced by a request for fees that Plaintiff's counsel submitted last year in another matter.

Plaintiff's request for attorneys' fees should be denied outright given Defendant's substantial justification in requesting discovery. And, in the event that the Court

determines that Plaintiff can recover fees (it should not), then the fees sought should be significantly reduced.

## II. RELEVANT BACKGROUND

Plaintiff brought a motion to compel seeking responses to Special Interrogatory No. 1 and Requests for Production of Documents Nos. 5, 6, and 30 for Day and Night Warehouse Workers at its City of Industry and Union City locations.[1]

- Special Interrogatory No. 1 seeks "the full name, employment position(s), last known home address, and last known telephone numbers, including, but not limited to, home telephone numbers and cellular telephone numbers, of each and every COVERED EMPLOYEE who was employed by DEFENDANT during the RELEVANT TIME PERIOD."
- Request for Production No. 5 seeks "TIME KEEPING DATA for all COVERED EMPLOYEES during the RELEVANT TIME PERIOD."
- Request for Production No. 6 seeks "PAYROLL DATE for all COVERED EMPLOYEES during the RELEVANT TIME PERIOD."
- Request for Production No. 30 seeks "All itemized WAGE STATEMENTS for COVERED EMPLOYEES during the period of time commencing one (1) year prior to the filing of the COMPLAINT to the present."

Initially, the scope of the dispute involved significantly more of Plaintiff's Special Interrogatories and Requests for Production, but the disputed discovery requests were narrowed during the course of the IDCs. During the IDCs, the Magistrate noted that some of Plaintiff's discovery requests were improper and should be handled via depositions. The Magistrate further determined that some of the discovery requests

---

[1] Plaintiff initially sought responses to the Special Interrogatories and Requests for Production as to all non-exempt employees. CWWC argued that the scope should be limited to Day Warehouse Workers, and Plaintiff subsequently agreed to seeks responses only as to Day and Night Warehouse Workers. *See* EFC 47, p. 4.

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

were too broad and should be narrowed. The Magistrate noted that the meet and confer efforts between the parties "were preceded and followed by laudable and productive efforts," and Defendant agreed to provide responses to the vast majority of the remaining discovery requests, thus leaving the single Special Interrogatory and three Requests for Production to be resolved by a Motion. *See* ECF No. 47.

Defendants disputed the Special Interrogatory and the Requests for Production for several reasons, including (1) Plaintiff had not established a *prima facie* case under Rule 23 and was not entitled to the discovery; (2) the scope of discovery should be limited to Day Warehouse Workers in Defendant's City of Industry facility; and (3) the scope of discovery should exclude putative class members who signed settlement agreements or arbitration agreements with class action waivers. *See generally* ECF No. 44. Ultimately, the Magistrate agreed with Plaintiff and ordered that the scope of discovery should include Day and Night Warehouse Workers who worked at the City of Industry and Union City warehouses. *See* ECF No. 47. In reaching its decision, the Magistrate relied on declarations submitted by Bryce Tuttle, a former day warehouse worker in Union City, and Raymond Pinkston, a current night warehouse worker in Union City. *Id.* Neither declarant was disclosed as a percipient witness in Plaintiff's Rule 26 disclosures. *See* ECF No. 44. CWWC moved for review of the Magistrate's order on the grounds that, *inter alia,* the declarations could not be considered because the declarants were not disclosed and the Magistrate did not consider the burden on CWWC in determining the scope of the discovery. *See generally* ECF No. 52.

## III. ARGUMENT

### A. The Court Should Decline to Hear Plaintiff's Motion Because Counsel Failed to Comply with Local Rule 7-3.

As an initial matter, Plaintiff's counsel failed to meet and confer with Defendant's counsel prior to bringing this Motion, and it should be denied on that basis alone. Local Rule 7-3 requires that seven days prior to the filing of ***any*** motion, counsel

DEFENDANT THE CHEFS' WAREHOUSE WEST COAST, LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

contemplating the filing must contact opposing counsel to "discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution." L.R. 7-3. The conference must take place at least 7 days prior to the filing of the motion. The filing party must also include a statement in the notice of motion that indicates the motion is filed following the conference of counsel, and that indicates the date on which the conference took place. Local Rule 7-4 provides that the Court may decline to consider a motion that does not meet the requirements of Local Rule 7-3.

Plaintiff failed to meet and confer with Defendant prior to the filing of the Motion for Attorneys' Fees as required by Local Rule 7-3, nor does the Motion contain a statement that it was filed following a conference of counsel. *See* Declaration of Julia Y. Trankiem, ¶ 3. Accordingly, the Court should decline to consider the Motion on this ground alone pursuant to Local Rule 7-4.

### B. Plaintiff is Not Entitled to Fees as CWWC's Non-Disclosure and Motion for Review Were Substantially Justified.

Rule 37 (a)(5)(A) provides that an award of expenses when a motion to compel is granted must be issued unless "the opposing party's nondisclosure, response, or objection was substantially justified" or other circumstances make an award unjust. Fed. R. Civ. P. 37(d)(1)(A). The purpose of the rule is to "protect courts and opposing parties from delaying or harassing tactics during the discovery process." *Cunningham v. Hamilton County,* 527 U.S. 198, 208 (1999). The Supreme Court has stated that, in the context of Rule 37, "substantially justified" does not mean "'justified to a high degree,' but rather . . . [that] there is a 'genuine dispute,' or '[that] reasonable people could differ as to [the appropriateness of the contested action].'" *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal citations omitted); *see also Foxley Cattle Co. v. Grain Dealers Mut. Ins. Co.*, 142 F.R.D. 677, 679 (S.D. Iowa 1992) ("[C]ourts have generally focused on 'the quality of the justification and the genuineness of the dispute [and whether] an impartial observer would agree that a party had good reason to withhold

discovery[]' when determining whether opposition is substantially justified"); 8B Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure 2288 (3d ed. 2010) ("Making a motion, or opposing a motion, is 'substantially justified' if the motion raised an issue about which reasonable people could genuinely differ on whether a party was bound to comply with a discovery rule").

### 1. CWWC's Position in Resisting the Discovery Sought by Plaintiff Was Substantially Justified.

CWWC's position in resisting discovery was substantially justified. As Judge Fisher noted, "Defendant's position on class discovery is defensible and might have carried the day before a different judge," and "the Magistrate Judge could have imposed the discovery restrictions requested by Defendant." ECF. No. 59.

Indeed, the Magistrate Judge's Order makes clear that this was not a situation where a defendant was simply refusing to produce discovery without any legal basis in doing so, and the Magistrate applauded the parties' "laudible and productive efforts" with respect to meeting and conferring. First, as to Plaintiff's showing of a *prima facie* case, the Order noted that Plaintiff discussed Rule 26 relevance, which Defendant correctly noted was the incorrect standard. ECF 47. Instead, Plaintiff was required to make a *prima facie* showing under Rule 23. Id. The Magistrate also noted that Plaintiff completely failed to advance a *prima facie* showing in his Motion to Compel. *Id.* Plaintiff similarly failed to advance a *prima facie* showing and applied the incorrect Rule 26 standard during the meet and confer process. Defendant presented substantial case law to support its position, and determined that the case law to which Plaintiff cited was distinguishable. *See generally* ECF No. 44.

As for the scope of the discovery, the IDCs show that the Magistrate's preliminary thoughts regarding "where she would land" given the information available from the IDCs and settlement conferences were that the scope of discovery should extend only to Day Warehouse Workers in the City of Industry. ECF No. 47, p. 15-16,

fn. 7. The Magistrate noted that the decision would be informed "by all sorts of factors" and "concluded that briefing would assist the ultimate decision." *Id.* Only after reviewing the briefing, including the ample case law that CWWC and Plaintiff provided in support of their positions, the Magistrate concluded that Plaintiff was entitled to the discovery. *See generally* ECF No. 47. Such an in-depth analysis and consideration would not be required if Defendant's position was not substantially justified. Certainly, the issue was a close one.

### 2. CWWC's Motion for Review Was Substantially Justified.

CWWC's Motion for Review of the Order Granting Plaintiff's Motion to Compel argued that the scope of discovery that the Magistrate ordered was too broad. *See* ECF 52. The motion rested this argument in part on the fact that the Magistrate determined that the scope of discovery was proper based on the declarations submitted by Raymond Pinkston and Bryce Tuttle, but Mr. Pinkston and Mr. Tuttle were never disclosed as percipient witnesses in Plaintiff's initial disclosures. *Id.* Federal Rule of Civil Procedure, Rule 37, provides that "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion . . . unless the failure was substantially justified or harmless." If the declarations were precluded, a reasonable person could determine that the scope of discovery that the Magistrate ordered was too broad. CWWC also discussed case law that showed that the two declarations, even if properly considered, did not provide sufficient evidence to meet his burden to show that further discovery would be likely to substantiate the class allegations. *See* ECF 52.

CWWC's Motion also argued that although CWWC timely objected to the Special Interrogatory and Requests for Production on the grounds that they were unduly burdensome and oppressive, the Magistrate's Order did not contain an analysis of the burden on CWWC of producing the information. *Id.* In support of its Motion for Review, CWWC submitted a declaration from its Chief Human Resources Officer

stating that it would take approximately 726 hours and cost $18,198.00 to comply with the Magistrate's Order. *See* ECF No. 52-2.

CWWC presented multiple grounds for reconsideration of the Magistrate's Order, any one of which a reasonable person could determine provided a basis to overrule the Order. For these reasons, CWWC was substantially justified in exercising its right to a review of the Court's order.

### C. The Amount of Fees Plaintiff Seeks is Unreasonable

Even if the Court determines that CWWC's position on Plaintiff's discovery requests and subsequent motion for review were not justified, Plaintiff's counsel is only entitled to a small fraction of the fees that they seek, if anything. This is so for several reasons: (1) the time billed in preparation of the motion and the opposition to the motion for review is excessive and duplicative; (2) Plaintiff's counsel's time entries are impermissibly vague; and (3) the hourly rate sought for Brandon Brouillette is unreasonable.

In addition to establishing a reasonable hourly rate, the prevailing party in a discovery dispute seeking attorneys' fees bears the burden of proving that the fees and costs taxed are reasonably necessary to achieve the result obtained. The court reviews time records submitted by the applicant to determine whether the hours were reasonably incurred, or if any of the hours were unnecessary, duplicative, excessive, or inadequately documented. *Dish Network L.L.C. v. Jadoo TV, Inc.*, 2019 WL 7166067, at *4 (C.D. Cal. Nov. 8, 2019). The court should reduce the fee awards where counsel's billing contains insufficiently descriptive entries, uses block billing, or bills in large increments. *See, e.g.*, *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007).

1. **The Number of Hours Sought is Excessive**

   a. **The Time Billed in Preparing the Motion to Compel and Opposition to Motion for Review Is Unreasonable and Duplicative.**

Plaintiff's counsel claims approximately 34 hours for preparing Plaintiff's portion of a joint statement. The hours claimed are unreasonable because this was a straightforward motion involving only four discovery requests. In bringing the motion to compel, Plaintiff did not need to parse individual requests or address individualized objections. Moreover, the parties had discussed the legal authorities in their prior meet and confer correspondence and IDC statements. As such, Plaintiff's counsel had already performed the research relevant to their position. It was also unreasonable to have two associates and senior counsel drafting the motion at the same time, and often on the same day. The following entries are duplicative and should be significantly discounted:

| | | | | | |
|---|---|---|---|---|---|
| Brooke Waldrop | 8/28/20 | Draft and revise motion to compel. | 1.7 | $295.00 | $501.50 |
| Mark Ozzello | 8/28/20 | Review and revise motion to compel. | 3.8 | $775.00 | $2,945.00 |
| Brandon Brouillette | 8/31/20 | Review and revise motion to compel and supporting declaration. | 3.3 | $485.00 | $1,600.50 |
| Brandon Brouillette | 9/2/2020 | Review and revise of motion to compel. | 1.2 | $485.00 | $582.00 |
| Brandon Brouillette | 9/3/2020 | Review and revise motion to compel. | 5.5 | $485.00 | $2,667.50 |

| Brooke Waldrop | 9/3/20 | Review and revise motion to compel further responses. | 0.7 | $295.00 | $206.50 |
|---|---|---|---|---|---|
| Mark Ozzello | 9/3/20 | Draft and revise motion to compel; review and analyze job descriptions of day and night workers. | 4.9 | $775.00 | $3,797.50 |

### b.    Plaintiff's Billing Entries Are Impermissibly Vague.

Plaintiff's counsel's billing is replete with instances where the time is not adequately described. For example, there are numerous entries concerning internal meetings that give no information about what the communications concerned. These entries are block billed with entries pertaining to the drafting of the motion, and it is unclear what portion of the time was spent on which activity. Similarly, there are numerous instances where no mention is made of the subject matter of the work performed. Plaintiff's counsel is not entitled to fees for vague entries. *Dubose v. Cnty. of L.A.*, No. CV 09-7832 CAS (AJWx), 2012 WL 2135293, at *5 (C.D. Cal. June 11, 2012). The time entries must "sufficiently indicate that the time was spent on motion-related work." *Sandoval v. Yeter*, No. CV 18-0867-CBM (JPRx), 2019 WL 7905731 The following entries should be disregarded or discounted on this basis:

| Brooke Waldrop | 8/25/2020 | Draft and revise motion to compel further responses and confer with M. Ozello | 2 | $295.00 | $590.00 |
|---|---|---|---|---|---|
| Brooke Waldrop | 8/26/2020 | Draft and revise motion to compel further responses, and confer with M. Ozello and B. Brouillette. | 0.5 | $295.00 | $147.50 |
| Brooke Waldrop | 9/1/2020 | Draft and revise motion to compel further responses, and confer with M. | 3.1 | $295.00 | $914.50 |
| Mark Ozzello | 9/3/2020 | Draft and revise motion to compel; review and analyze job descriptions of day and | 4.9 | $775.00 | $3,797.50 |

| | | | | | |
|---|---|---|---|---|---|
| | | night workers. | | | |
| Mark Ozzello | 9/4/2020 | Attention to obtaining declarations; Review and analyze emails regarding same. | 0.8 | $775.00 | $620.00 |
| Brooke Waldrop | 9/15/2020 | Draft and revise joint stipulation and notice of motion, and confer with M. Ozzello and B. Brouillette re: meeting and conferring on hearing date. | 0.2 | $295.00 | $59.00 |

### c.   Plaintiff Cannot Recover Fees for Tasks that Do Not Pertain to Actually Preparing their Motion or Opposition.

Plaintiff brings his motion under Rule 37(a)(5)(A), which permits a successful moving party to recover only "reasonable expenses incurred *in making the motion*." (emphasis added) Thus, the only time that is compensable is that time that is spent actually preparing the motion. *Berryhill v. Johnson*, No. SACV 11-1468-AG (RNBx), 2012 WL 13020328, at *2  (C.D. Cal. July 19, 2012). Preparing a separate memorandum analyzing case law, for example, is not time spent actually preparing the motion. The time is also unreasonable given that the analysis could have simply been added to the moving papers instead of creating a completely separate document. The following entries should be disregarded, as the entirety of the entry or parts of the entry do not pertain to preparation of the motion or the preparation of their opposition to the Motion for Review:

| | | | | | |
|---|---|---|---|---|---|
| Brooke Waldrop | 9/14/2020 | Communicate with opposing counsel re: filing. | 0.3 | $295.00 | $88.50 |

| Name | Date | Description | Hours | Rate | Total |
|---|---|---|---|---|---|
| Brooke Waldrop | 9/14/2020 | Legal research re defendant's case law cited in joint statement, and draft memorandum outlining how case law cited is distinguishable to this case. | 2.5 | $295.00 | $737.50 |
| Brooke Waldrop | 9/15/2020 | Review and analyze defendant's revisions to joint stipulation. | 0.2 | $295.00 | $59.00 |
| Mark Ozzello | 9/24/2020 | Review and analyze order; communicate with team regarding same. | 0.3 | $775.00 | $232.50 |
| Brandon Brouillette | 10/19/2020 | Review and analyze court's order granting motion to compel. | 1.5 | $485.00 | $727.50 |
| Mark Ozzello | 10/27/2020 | Review and analyze notice of review from opposing counsel. | 0.3 | $775.00 | $232.50 |

| Name | Date | Description | Hours | Rate | Total |
|---|---|---|---|---|---|
| Mark Ozzello | 10/28/2020 | Draft and revise opposition to ex-parte. | 1.3 | $775.00 | $1,007.50 |
| Mark Ozzello | 11/2/2020 | Review and analyze motion. | 0.4 | $775.00 | $310.00 |
| Mark Ozzello | 11/3/2020 | Review and analyze motion re appeal of magistrate's order; review and analyze order from court regarding hearing date. | 1.8 | $775.00 | $1,395.00 |
| Mark Ozzello | 11/6/2020 | Draft and revise opposition; conferences with J. Hakakian regarding same. | 3.5 | $775.00 | $2,712.50 |
| Brandon Brouillette | 11/17/2020 | Review and analyze defendant's reply re objection to order granting motion to compel. | 1.4 | $485.00 | $679.00 |

| Mark Ozzello | 11/30/2020 | Review and analyze Deft's reply; Review and analyze objection to RJN and declaration. | 1.6 | $775.00 | $1,240.00 |

Moreover, the billing contains entries that are billed in large increments without a sufficient description of the work that was performed. *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007). For example, Brandon Brouillette billed for 7.2 hours and 10.5 hours, but simply stated that the time was spent preparing the opposition. The following time billed is also unreasonable:

- 1.8 hours spent analyzing the Court's Order on the Motion to Compel;
- 2 hours spent reviewing CWWC's Motion for Review; and
- 3 hours spent reviewing CWWC's Reply to Plaintiff's Opposition to the Motion for Review.

### 2. The Hourly Rate Sought for Brandon Brouillette is High.

Plaintiff's counsel requests an hourly rate of $485 for Brandon Brouillette, an associate who has been admitted to the California Bar since 2010. In *Wylie v. Hyundai North America*, No. 8:16-cv-02102-DOC-JCG (C.D. Cal. March 2, 2020), Plaintiff's counsel requested a rate of $445 for an associate who was admitted to the California Bar in 2010. *See* Defendant's Request for Judicial Notice in Support of Opposition to Plaintiff's Motion for Attorneys' Fees, Exh. "B." The Court approved this rate in an Order dated March 2, 2020. *Id.* at ¶ Exh. "C." There is no information here to support Plaintiff's request for an additional $40 an hour. As such, the Court should discount the requested rate of $485 to $445.

## IV. CONCLUSION

For the foregoing reasons, CWWC respectfully requests that Plaintiff's Motion for Attorneys' Fees be denied. In the alternative, Plaintiff's requested fees should be substantially reduced.

Dated: March 2, 2021

**HUNTON ANDREWS KURTH LLP**

By: *s/Julia Y. Trankiem*
Michele J. Beilke
Julia Y. Trankiem
Katherine P. Sandberg
Attorneys for Defendants
THE CHEFS' WAREHOUSE WEST COAST, LLC; THE CHEFS' WAREHOUSE, INC.; DEL MONTE CAPITOL MEAT COMPANY, LLC; QZINA SPECIALTY FOODS, INC.; and QZINA SPECIALTY FOODS (AMBASSADOR), INC.