Mark A. Ozzello (SBN 116595)
Mark.Ozzello@capstonelawyers.com
Brandon Brouillette (SBN 273156)
Brandon.Brouillette@capstonelawyers.com
John Stobart (SBN 248741)
John.Stobart@capstonelawyers.com
Joseph Hakakian (SBN 323011)
Joseph.Hakakian@capstonelawyers.com
Capstone Law APC
1875 Century Park East, Suite 1000
Los Angeles, California 90067
Telephone:   (310) 556-4811
Facsimile:    (310) 943-0396

Attorneys for Plaintiff RICHARD TRUJILLO
[*additional attorneys listed on next page*]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD TRUJILLO, individually, and on behalf of other members of the general public similarly situated, and as an aggrieved employee pursuant to the Private Attorneys General Act ("PAGA"),<br><br>          Plaintiff,<br><br>vs.<br><br>THE CHEFS' WAREHOUSE WEST COAST, LLC, a Delaware limited liability company; THE CHEFS' WAREHOUSE, INC., a Delaware corporation; DEL MONTE CAPITOL MEAT COMPANY, LLC, a Delaware limited liability company; QZINA SPECIALITY FOODS, INC., a Washington corporation; and/or QZINA SPECIALTY FOODS (AMBASSADOR), INC., a California corporation; and DOES 1 through 10, inclusive,<br><br>          Defendants. | Case No. 2:19-cv-08370-MEMF-MAA<br><br>[Assigned to Hon. Maame Ewusi-Mensah Frimpong]<br><br>CLASS & PAGA ENFORCEMENT ACTION<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Complaint Filed:   July 22, 2019<br>Removal Date:        September 30, 2019<br><br>Discovery Cut-Off:   July 25, 2022<br>Pretrial Conference: January 9, 2023<br>Trial:   January 17, 2023 |

MICHELE J. BEILKE (SBN 194098)
mbeilke@huntonAK.com
JULIA Y. TRANKIEM (SBN 228666)
jtrankiem@huntonAK.com
**HUNTON ANDREWS KURTH LLP**
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627
Telephone: 213 • 532 • 2000
Facsimile: 213 • 532 • 2020

Attorneys for Defendants
THE CHEFS' WAREHOUSE WEST
COAST, LLC; THE CHEFS' WAREHOUSE,
INC.; DEL MONTE CAPITOL MEAT
COMPANY, LLC

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

Plaintiff Richard Trujillo ("Plaintiff") and Defendants The Chefs' Warehouse West Coast, LLC ("CWWC"); The Chefs' Warehouse, Inc. ("CW, Inc."); and Del Monte Capitol Meat Company, LLC, ("DM") ("Defendants") (collectively the "Parties") by and through their respective counsel of record, submit this Joint Case Management Statement in the above-entitled action, in accordance with this Court's February 12, 2022, Notice of Reassignment.

## 1. Case Filing Date

On May 15, 2019, Mr. Trujillo submitted a written notice to the California Labor Workforce Development Agency. After satisfying his pre-filing requirements, this  class and PAGA action was filed on July 22, 2019. On September 27, 2019, Defendants removed this case to this Court under CAFA.

## 2. Party Description

Plaintiff's Statement

Defendants employed Plaintiff Richard Trujillo as an hourly paid, non-exempt employee from approximately March 2016 to July 10, 2018. Plaintiff worked for Defendants at their warehouse/distribution center location in City of Industry, California. Plaintiff was hired as a Warehouse Worker, promoted to Order Selector in July 2016, promoted to Will Call Dispatcher in 2017, and in June 2018, Plaintiff again worked as a Warehouse Worker.

Defendants' Statement

Plaintiff was employed by CWWC as a day warehouse worker at CWWC's City of Industry location. He did not work at any other location, did not hold any position other than day warehouse worker, and was not employed by any other Defendant.[1]   At all times, Plaintiff and the putative class members, and any other

---

[1] CW, Inc. is the parent company of CWWC and DM. The entity merely serves as a holding corporation and has no employees. CWWC is a distributor of specialty food products, while DM is a processor and distributor of meat products.

JOINT CASE MANAGEMENT STATEMENT

allegedly aggrieved employees, were fully and lawfully compensated, were provided lawful meal and rest periods, were paid all due vacation wages, were provided accurate itemized wage statements, were paid all due wages upon end of employment, and were reimbursed for all necessary business expenditures. Furthermore, Defendants maintained payroll records as required by law.

### 3. <u>Summary of Claims</u>

<u>Plaintiff's Statement</u>

Defendants failed to provide: 1) overtime pay due to Defendants failure to incorporate employees' regular rate, including all non-discretionary bonuses; 2) vacation wages; 3) meal and rest periods; 4) reimbursement of business expenses; 5) compliant wage statements; 6) wages timely paid upon employment and termination; 7) minimum wages; 8) mandatory physical examinations and/or drug testing reimbursement; 9) notice of material employment information; and 10) unlawful and unfair business practices.

<u>Defendants' Statement</u>

Neither Plaintiff nor the individuals he seeks to represent were damaged by Defendants. Furthermore, class treatment is not appropriate because the majority of class members have signed settlement agreements or arbitration agreements with class action waivers. Defendant CW, Inc. twice defeated class certification in Robinson et al. v. The Chefs' Warehouse, Case No. 3:15-cv-05421-RS (N.D. Cal. Oct. 26, 2015). In denying the Robinson plaintiffs' motion for class certification a second time, the court found that numerosity was not met because the vast majority of the putative class signed individuation settlement agreements pursuant to a *Pick Up Stix* campaign and/or arbitration agreements with class action waivers. In addition, Plaintiff cannot show any policy or practice establishing class wide liability.

### 4. <u>Underlying Events</u>

<u>Plaintiff's and Defendants' Statement</u>

JOINT CASE MANAGEMENT STATEMENT

See section one above.

**5.  Relief Sought**

Plaintiff's Statement

Wages, penalties, and interest on the claims set forth in section three.

Defendants' Statement

Defendants deny that Plaintiff or the individuals he seeks to represent are entitled to judgment in their favor or relief of any kind.

**6.  Status of Discovery**

**Discovery**

Plaintiff's Statement

Plaintiff's Discovery: on 12/5/19 Plaintiff propounded RFP S1 and SROG S1; Defendants responded on 1/23/20. 12/9/19 and 12/11/19, Plaintiff propounded RFP S2 and S3. Defendants responded on 1/28/20 and 1/30/20. Due to Defendant CWWC's failure to provide substantive discovery responses, Plaintiff was forced to seek judicial relief and thereafter attended Informal Discovery Conferences ("IDC") 1 and 2 on 5/14/20, 5/22/20, 6/18/20, 7/7/20, and 8/20/20. After meeting and conferring an inordinate number of times, Defendants continually failed to produce the most basic discovery in wage and hour class and PAGA actions (i.e., employee contact information, timekeeping data, payroll data, and wage statements), forcing Plaintiff to file his motion to compel. Defendant's direct disregard for providing this most basic discovery resulted in Magistrate Audero ordering the discovery and awarding Plaintiff $24,491.50 in sanctions. Despite Defendant CCWC's inaccurate 'spin', Judge Fischer summarily and immediately upheld Judge Audero's rulings regarding the Motion to Compel and the award and amount of sanctions.

Defendants' Statement

Defendants have propounded Special Interrogatories and two sets of Requests for Production. Defendants have also subpoenaed Plaintiff's phone records in light of Plaintiff's claim that he used his cell phone for work purposes

JOINT CASE MANAGEMENT STATEMENT

despite producing sexually vulgar, sexist, and explicit text messages where he
referred to co-workers as the "N" word and the "B" word. Plaintiff also produced
videos that showed him engaging in multiple violations of company policies,
including engaging in horseplay while on the clock, using profanity and derogatory
names when speaking with co-workers, and using his cell phone while driving.
Defendant anticipates propounding additional written discovery requests prior to the
discovery cut off of July 25, 2022.

The discovery disputes in this matter have largely stemmed from Plaintiff's
legally unsupportable attempt to obtain discovery as to the entities that never
employed Plaintiff and which are improperly named as Defendants in this action.
During the various IDCs, Judge Audero rejected multiple of Plaintiffs' requests as
unwarranted and limited discovery as to Del Monte to an initial phase where
Plaintiff would only be permitted to seek discovery showing that Del Monte and
CWWC were a single enterprise.  Most recently, Judge Audero again rejected
Plaintiff's attempt to obtain unlimited discovery as to Del Monte.

In its order on CWWC's Motion for Reconsideration of Judge Audero's
Order Compelling Discovery, Judge Fischer gave credence to CWWC's resistance
to Plaintiff's discovery requests, stating that "Defendant's position on class
discovery is defensible and might have carried the day before a different judge" and
that "the Magistrate Judge could have imposed the discovery restrictions requested
by Defendant."

**Motions**

Plaintiff's Statement

Defendant CWWC was ordered to pay $24,491.50 in sanctions for the
following reasons: after Plaintiff was obliged to attend the IDC's discussed above,
Plaintiff was forced to file his motion to compel on 9/15/20. On 10/19/20
Magistrate Audero granted Plaintiff's Motion to Compel in its entirety
("Magistrate's Order"). Defendants then tried to repudiate and overturn the

1   Magistrate's Order in every way possible. On 10/27/20 Defendants filed its ex parte

2   application to stay the Magistrate's Order; on 11/2/20 Defendant filed its "Review

3   of the Magistrate's Order re Order on Motion to Compel". On 11/24/20, after

4   Defendants filed their motion in front of Judge Dale S. Fisher to try and reverse the

5   Magistrate's Order, Judge Fisher immediately denied Defendant's review of the

6   Magistrate's Order. On 2/12/21, Plaintiff filed his Motion for Attorneys Fees

7   Against Defendant CWWC.[2] On 5/26/21, this Court awarded Plaintiff $24,491.50

8   in sanctions. Thereafter, on 6/1/21, nearly two years after Plaintiff filed his

9   complaint, Defendants filed its Amended Motion to Amend its Answer to Plaintiff's

10  Complaint which was also summarily denied on 7/7/21.

11          Defendants' Statement

12          On November 20, 2020, Defendants filed a Motion for Reconsideration of

13  Judge Audero's Order granting Plaintiff's motion to compel discovery on the

14  grounds that (1) Plaintiff was not entitled to discovery regarding a CWWC location

15  where he admitted he never worked; (2) Plaintiff's motion relied on declarations of

16  individuals who were never disclosed as percipient witnesses; and (3) compliance

17  with the Order would cost Defendants nearly $20,000. Plaintiff's motion was

18  denied on November 24, 2020, but Judge Fischer stated that Defendants' position

19  was defensible and could have carried the day before a different judge. Defendants

20  filed a Motion for Reconsideration of Judge Audero's Order granting Plaintiff's

21  Motion for Attorneys' fees based on Judge Fischer's statements in the November

22  24, 2020 Order. The motion was denied on June 14, 2021.

23          Defendants plan to file a motion for summary judgment and/or adjudication

24  by the current deadline of September 19, 2022.

25          **Depositions**

26  _____

27      [2] On 3/22/21, after Defendants tried to repudiate and overturn the Magistrate's Order in every way
    possible, the Parties attended IDC 4 regarding Plaintiff's pending motion for attorneys' fees. Defendants failed
    to agree to the Hon. Judge Audero's attempts to resolve Defendants' attempts to obfuscate and overturn the
28  Magistrate's Order, thereby forcing the judge to award Plaintiff $24,491.50 in sanctions.

JOINT CASE MANAGEMENT STATEMENT

Plaintiff's Statement

After an IDC regarding Counsel's instructions to a witness to not answer questions, Judge Audero ordered that the deposition be re-taken and that Defendants would pay the costs of the additional deposition session. Judge Audero's ruling was based on the fact that Plaintiff was being required to incur additional costs associated with a deposition solely because of Defendants' improper objections and instructions not to answer properly asked questions. After that ruling, and to avoid further IDCs on every other deposition, Defendants agreed to pay for the costs associated with the depositions of three more 30(b)(6) deponents. As such, Plaintiff was forced to take multiple depositions of Defendants' 30(b)(6) declarants. This issue was discussed during IDC 3 on 1/12/21 and 1/27/21. Thus far, Plaintiff has taken the depositions of Pat Lecouras (on 11/13/20; 1/8/21, and 4/14/21), Miguel Avalos (on 1/8/21), Lori Snowden (on 11/16/20), Rodney Aguirre (on 11/17/20 and 3/19/21), and Ryan Valis (on 12/8/20 and 4/19/21). Even though Defendants were ordered to pay the costs of one additional deposition, and then agreed to pay for the costs associated with the other depositions, Plaintiff chose not to depose Miguel Avalos and Lori Snowden a second time.

Defendants' Statement

Defendants took the first session of Plaintiff's deposition on February 10, 2020. Defendants were unable to complete all questioning of Plaintiff on that day and will thus meet and confer with Plaintiff's counsel for a mutually agreeable date to continue Plaintiff's deposition.

Defendants were never ordered to pay the costs for all additional depositions, as Plaintiff suggests. Rather, the parties met and conferred regarding instructions not to answer given by Defendants' counsel during certain 30(b)(6) depositions. The parties agreed that Defendants would pay the cost of a single subsequent deposition of certain witnesses. No order was ever entered by the Court compelling

JOINT CASE MANAGEMENT STATEMENT

1   Defendant to do so. [Dkt. 66].

2   **Further Discovery**

3   Plaintiff's Statement

4   On 5/27/20, the Hon. Judge Audero bifurcated discovery into two phases: 1)

5   whether Defendants CW Inc. and Del Monte hold a sufficient and legal relationship

6   to Defendant CWWC—via joint employer, single enterprise, integrated enterprise,

7   or alter ego theories; and 2) class certification and merits discovery should the

8   findings of Phase 1 support such a finding. However, due to Defendants' senseless

9   and failed motion practice to repudiate and overturn the Magistrate's Order in every

10  way possible (and failed mediation attempts), all discovery to this point has been

11  limited to Phase 1 discovery only.

12  On 7/9/21, the Parties attended IDC 6, whereby Plaintiff described in detail,

13  how the depositions and discovery to date demonstrated more than sufficient

14  evidence that Defendants are joint employers, a single enterprise, an integrated

15  enterprise, and/or alter egos of each other. [Dkt. 110]. After learning that: 1)

16  Defendants have the same directors and officer; 2) all Defendants policies are the

17  same; 3) Defendants' cross-dock their products at each other's locations; 4) Del

18  Monte's location(s) are owned by CWWC; 5) Defendants' annual meeting takes

19  place in Connecticut at the headquarters of CW, Inc.; and 6) CW, Inc. requires all

20  subsidiaries to share staffing information; the Hon. Judge Maria A. Audero believed

21  that there was sufficient evidence to enter into the next phase of discovery with

22  limited ESI. As a result, Plaintiff seeks further discovery via limited ESI going

23  forward.

24  Defendants' Statement

25  Plaintiff's statement is a blatant mischaracterization of the proceedings at

26  IDC 6. Plaintiff sought via the IDC to obtain *unlimited discovery* as to Del Monte

27  and argued that the evidence that they obtained was sufficient to do so. [Dkt. 110].

28  Judge Audero disagreed, stating that she was "not seeing the entire group of

JOINT CASE MANAGEMENT STATEMENT

companies as an integrated enterprise." Given that Judge Audero was unwilling to grant the discovery requested, counsel for Plaintiff engaged in what Judge Audero described as a "change in direction" and simply requested further ESI discovery, which was granted. [Dkt. 110].

Given that ESI would be permitted, the parties stipulated to a 160-day extension on all discovery, pre-trial, and trial dates. The Court granted the stipulation on July 16, 2021. [Dkt. 112]

**7.  Procedural History**

Plaintiff's and Defendants' Statement

**Motions**

See Motions, under status of discovery above.

**Mediation**

Plaintiff's Statement

On 8/18/20, after Defendants failed to resolve the outstanding issues of IDC 1 and 2, the parties attended a Settlement Conference before the Hon. Judge Audero. The conference was unsuccessful to say the least. Then, after IDC 6 on 7/9/21, in the face of Judge Audero ordering Defendant to produce ESI, Defendant asked for private mediation. It was clear that Defendants' private mediation attempt simply resulted in a six (6) month delay this case.

Defendant's Statement

On July 10, 2021, the day after Judge Audero indicated that the evidence presented by Plaintiff was insufficient to justify unlimited discovery as to Del Monte, counsel for Plaintiff Mark Ozzello emailed counsel for Defendants and asked if there was "[a]ny thought of having serious settlement discussions." On a phone call between counsel on July 12, 2021, Plaintiff's counsel asked Defendants' counsel if Defendants would be willing to attend mediation. In an email on July 15, 2021, Plaintiff's counsel again followed up to see if Defendants would be willing to mediate. In the following weeks, counsel for Plaintiff sent further emails suggesting

that the parties attempt to mediate the case. Thus, it is inaccurate to characterize the mediation as "Defendants' private mediation attempt," or as some sort of delay tactic, as it was Plaintiff who wanted to mediate in the first instance. The parties' mediation took place on January 20, 2022 and was unsuccessful.

### 8. **Outstanding Deadlines**

The current deadlines are as follows: Discovery Cut-off: 7/25/22, Expert Witness Exchange Deadline: Initial: 8/15/22, Rebuttal: 9/2/2022, Cut-off: 10/24/22, Motion Hearing Cut-off: 10/17/22, ADR Cut-off: 10/31/22, File Memo of Contentions, etc.: 12/12/22, Lodge Pretrial Conference Order: 12/19/22, Final Pretrial Conference: 1/09/23, Lodge Finding of Fact and Conclusions of Law: 1/09/23, Trial Date: 1/17/23 at 8:30 a.m.

### 9. **Requested Modification of Outstanding Dates**

Plaintiff's Statement

Because progression of this case was delayed by six (6) months, from mid July 2020 to January 2021, due to the Parties failed mediation, Plaintiff asks that this Court continue all deadlines six (6) months.

Defendant's Statement

Defendant objects to any further continuances in this matter until after Plaintiff's motion for class certification is decided as the Court previously granted two stipulations to extend the deadlines and trial date in this matter. First, the parties' agreed to a 160-day extension on all deadlines subsequent to IDC 6 given that Plaintiff would be moving forward with ESI discovery. [Dkt. 112]. Then, the parties entered into a joint stipulation to stay the case and continue all deadlines in the case by six months in light of the parties' mediation, which the Court granted. [Dkt. 113 and 114]. In total, the stipulated continuances have extended the original deadlines set in this case by over 8 months. No further continuances are warranted. Defendants are willing to revisit an extension of the trial date after Plaintiff's motion for class certification is decided.

JOINT CASE MANAGEMENT STATEMENT

**10. <u>Consent to A Magistrate Judge</u>**

Plaintiff and Defendant do not consent to a magistrate judge for trial.

**11. <u>Need For a Further Case Management Conference</u>**

Plaintiff requests that the Court set a Further Case Management Conference to discuss Defendants' pick-up-stix campaign currently ongoing, described in more detail below.

**12. <u>Immediate Relief Sought</u>**

<u>Plaintiff's Statement</u>

As stated above, in January 2020, the parties engaged in a private mediation which was not even remotely successful. Additionally, before the scheduled mediation, Defendants began sending individual releases to the members of the putative class and aggrieved employees, attempting a pick-up-stix campaign. As a result, Plaintiff intends on filing a motion 1) invalidating all purported Settlement Agreements and releases between putative class members and Defendants; and 2) prohibiting Defendants from any further misleading communications with putative class members regarding the claims at issue in this case, including any further attempts to settle the claims at issue in this case with putative class members.

<u>Defendant's Statement</u>

Plaintiff has been aware of the existence of the individual release campaign since at least December 11, 2019, when counsel explained to the Court in the parties' joint status report that Plaintiff would seek to invalidate the release agreements. [Dkt. 14]. At the Rule 26 conference, Judge Fisher instructed Plaintiff to bring such motion expeditiously. Over two years have since passed, and Plaintiff has failed to bring the motion. This delay is one of many examples of Plaintiff's failure to prosecute his case, and yet another reason why the Court should refuse to entertain any further continuances. For this reason alone, Plaintiff is barred from now seeking to invalidate the agreements based on the doctrines of waiver, equitable estoppel, and/or laches.

JOINT CASE MANAGEMENT STATEMENT

Dated:  February 28, 2022                    Respectfully submitted,

                                             CAPSTONE LAW APC

                                             By:  /s/ Mark A. Ozzello
                                             Mark A. Ozzello
                                             Brandon Brouillette
                                             John E. Stobart
                                             Joseph Hakakian

                                             Attorneys for Plaintiff Richard Trujillo

Dated:  February 28, 2022                    Respectfully submitted,

                                             HUNTON ANDREWS KURTH LLP

                                             By:  /s/ Julia Y. Trankiem
                                             Michele J. Beilke
                                             Julia Y. Trankiem

                                             Attorneys for Defendants

### Certification of Compliance with C.D. Cal. L.R. 5-4.3.4(a)(2)(i)

Pursuant to Local Rule 5-4.3.4 (a)(2)(i), I, Mark A. Ozzello, hereby attest that I have obtained concurrence in the filing of this document from all other signatories to this document.

I declare under penalty of perjury under the law of the United States of America that the foregoing is true and correct.  Executed on February 28, 2022, in Los Angeles, California.

                                             By:  /s/ Mark A. Ozzello
                                             Mark A. Ozzello
                                             Capstone Law APC
                                             1875 Century Park East, Suite 1000
                                             Los Angeles, CA 90067
                                             Telephone: (310) 556-4811
                                             Facsimile:   (310) 943-0396

JOINT CASE MANAGEMENT STATEMENT